STATE of Minnesota, Respondent,

v.

Jeffrey Melvin HOVELAND, Appellant.

No. 51392.

Supreme Court of Minnesota.

July 24, 1981.

C. Paul Jones, Public Defender, Margaret G. LaMarche and Ronald E. Hunter, Asst. Public Defenders, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., and Gary Hansen, Sp. Asst. Atty. Gen., St. Paul, John K. Carlson, Asst. County Atty., Pine City, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of charges of burglary and theft, Minn.Stat. §§ 609.58, subd. 2(3), and 609.52, subd. 2(1) (1978), and was sentenced by the trial court for the theft to a prison term of 10 years. On this appeal from judgment of conviction defendant contends (1) that his conviction should be reversed outright on the ground that the evidence of his guilt was legally insufficient, or (2) that he should be given a new trial because he was prejudiced by the wrongful admission of certain evidence and by his public defender's failure to represent him adequately. We affirm.

■ The evidence at trial, viewed most favorably to the state, established that defendant, while a guest at a house, was given temporary possession of a key and that after he learned there were valuables in the house defendant had a duplicate of the key made. He then returned the key which had been lent to him and feigned leaving town, only to return, use the duplicate key to enter, and steal the valuables. Defendant was caught later that day as he was about to embark on a camping trip. When stopped he spontaneously asked the officer, "How did you catch me so quickly?"

■ Defendant also contends that he should receive a new trial because he was prejudiced by the wrongful admission of certain evidence and by his counsel's failure to represent him adequately. The evidence in question was not objected to, nor was its admission plain error, and defendant's contention that defense counsel breached his duty to represent defendant effectively, including failure to object to the evidence in question, is not established by this record.

Affirmed.